UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC TOWNSEL,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | NO: 12-CV-5095-CI<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

BEFORE THE COURT is a Report and Recommendation issued by Magistrate Judge Imbrogno (ECF No. 104) recommending that Plaintiff's federal claims under 42 U.S.C. § 1983 be dismissed with prejudice and that his state law claims be remanded to Walla Walla County Superior Court. Plaintiff filed a timely objection June 5, 2013. ECF No. 106. Defendants did not file a response. The Court has reviewed the record and files herein and is fully informed.

DISCUSSION

In a Report and Recommendation dated May 23, 2013, Magistrate Judge Imbrogno recommended that Defendants' motion to dismiss (ECF No. 70) be granted as to Plaintiff's federal claims under 42 U.S.C. § 1983. In making this recommendation, Magistrate Judge Imbrogno found that Plaintiff's federal claims against the Washington State Department of Corrections, the Washington State Penitentiary IMU Staff, and corrections officers Royse, Perkins and Wilson, sued in their official capacities, are barred by the Eleventh Amendment. ECF No. 104 at 5-6. Magistrate Judge Imbrogno further determined that any amendment of the complaint to state claims against Defendants Royse, Perkins and Wilson in their individual capacities would be futile because these Defendants are entitled to qualified immunity. ECF No. 104 at 6-8. In reaching this latter conclusion, Magistrate Judge Imbrogno proceeded directly to the second prong of the qualified immunity analysis—whether the right at issue was clearly established:

> Viewing the facts in a light most favorable to Plaintiff, but disregarding Plaintiff's conclusory and speculative allegations regarding the various prison officials' motives, Defendants' actions in leaving Plaintiff in the shower area for an extended time after he would not comply with prison directives after being given three opportunities to do so within one hour was reasonable in light of the prison context, the heightened security in the IMU, and the competing duties and responsibilities of IMU officers in managing the inmate population. It also was reasonable for the officials to refuse to call the Unit Nurse to the inmate's shower area to administer pain medication given the non-emergency nature of Plaintiff's request for medical attention and the heightened security requirements of a prison IMU.

> Plaintiff makes no showing that the administration of non-emergency medical attention violated clearly established constitutional law. As alleged by Plaintiff, the Unit Nurse treated him within 30 minutes of returning to his cell, prescribed effective pain medication, and the pain subsided within three days. ECF No. 3, Att. 2 at 31, ¶ 18. It was reasonable for the IMU officials to believe their conduct in disciplining Plaintiff and their response to his request for medication was lawful. Therefore, qualified immunity is appropriate and leave to amend the Complaint to include personal capacity claims would be futile.

ECF No. 104 at 7-8.

In his objection to the Report and Recommendation, Plaintiff cites to *Hope v. Pelzer*, 536 U.S. 730 (2002) for the proposition that the right at issue was clearly established. ECF No. 106 at 7-10. In that case, the Supreme Court held that prison guards violated a prisoner's Eighth Amendment right to be free from cruel and unusual punishment by handcuffing him to a hitching post for a period of several hours in response to the prisoner's disruptive conduct. *Hope*, 536 U.S. at 737-38. The Court also held that the right at issue was clearly established in view of "binding Eleventh Circuit precedent, an Alabama Department of Corrections (ADOC) regulation, and a DOJ report informing the ADOC of the constitutional infirmity in its use of the hitching post." *Id.* at 741-42.

*Hope* does not support Plaintiff's position. The conduct at issue in the instant case—requiring Plaintiff to remain in the shower area until he picked up a towel on the shower floor—is far less opprobrious than shackling an inmate to a hitching post for hours on end. Magistrate Judge Imbrogno properly concluded

that this conduct was a reasonable response to Plaintiff's refusal to pick up the towel. Assuming for the sake of argument that this conduct violated Plaintiff's right to be free from cruel and unusual punishment, a reasonable corrections officer in the Defendants' position would not have been on notice that his or her conduct was unlawful. Accordingly, the Court agrees with Magistrate Judge Imbrogno's findings that Plaintiff has failed to state a cognizable legal claim under §1983 and that any amendment of his Complaint would be futile.

Finally, Plaintiff has not objected to the recommendation that his state law claims be remanded to the Walla Walla County Superior Court. ECF No. 106 at 3. Having reviewed the record, the Court agrees that exercising supplemental jurisdiction over these claims following the dismissal of his federal claims is not warranted. Accordingly, the Court will adopt Magistrate Judge Imbrogno's recommendation that Plaintiff's remaining state law claims be remanded.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Objection to Magistrate Judge Imbrogno's Report and Recommendation (ECF No. 106) is **OVERRULED**.
2. The Court hereby **ADOPTS** the Report and Recommendation (ECF No. 104) in its entirety.

3. Defendant's Motion to Dismiss (ECF No. 70) is **GRANTED**. Plaintiff's federal claims under 42 U.S.C. § 1983 against all Defendants are **DISMISSED** with prejudice.
4. Plaintiff's remaining state law claims are **REMANDED** to the Walla Walla County Superior Court.
5. All pending motions are **DENIED** as moot.
6. The Court certifies that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is hereby directed to enter this Order, enter Judgment in favor of all Defendants on Plaintiff's claims under 42 U.S.C. § 1983, mail copies to Plaintiff at his address of record, provide copies to counsel, mail a certified copy to the Clerk of the Walla Walla County Superior Court, and **CLOSE** the file.

**DATED** August 14, 2013.




Thomas O. Rice

THOMAS O. RICE
United States District Judge