UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIC TOWNSEL,<br><br>              Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>              Defendants. | NO: 12-CV-5095-JTR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO AMEND JUDGMENT |

BEFORE THE COURT are Plaintiff's Motion for Reconsideration (ECF No. 110) and Motion to Vacate Judgment (ECF No. 111). The Court has reviewed the record and files herein and is fully informed.

DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff seeks reconsideration of the Court's Order dated August 14, 2013, adopting Magistrate Judge Imbrogno's report and recommendation that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice and that Plaintiff's pendent state law claims be remanded back to the Walla Walla County Superior Court pursuant to 28 U.S.C. § 1367(c)(3) (ECF No. 107). In support of this request, Plaintiff argues, once again, that the case was improperly removed from state court. Plaintiff asserts that this improper removal caused him to incur unnecessary expenses and an unwarranted "strike" under the Prison Litigation Reform Act ("PLRA"). ECF No. 110 at 6. Plaintiff asks the Court to remedy these alleged injuries by (1) awarding him attorney's fees and costs in the amount of $2,000 pursuant to 28 U.S.C. § 1447(c); and (2) amending the judgment to reflect that his § 1983 claims are dismissed without prejudice. ECF No. 110 at 6; ECF No. 112 at 1; ECF No. 115 at 3. Finally, Plaintiff objects to the Court's

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

1  certification that any appeal of its earlier decision would not be taken in good faith
2  because "an appeal is a right that cannot be withheld by the District Court." ECF
3  No. 111 at 3.

4  Plaintiff's argument that he was unfairly prejudiced by the removal of this
5  case from state court is unavailing. Plaintiff was granted an opportunity to
6  voluntarily dismiss his federal claims shortly after the case was removed, with the
7  promise that the case would be remanded to Walla Walla Superior Court if he did
8  so. ECF No. 55 at 5-6. Plaintiff did not avail himself of this opportunity. Instead,
9  Plaintiff decided to proceed in this Court and expressly withdrew his objection to
10 the Court's exercise of federal jurisdiction over his case. *See* ECF No. 57 at 4
11 ("Plaintiff states the matter of this case fit for federal adjudication, on federal
12 questions and matter [sic] that (may) fall under the supplemental jurisdiction
13 doctrine of 28 U.S.C. § 1367(c)."). To whatever extent Plaintiff was prejudiced by
14 the removal, he is estopped from asserting it at this late stage of the proceedings.

15 In any event, the record reveals that the case was properly removed pursuant
16 to 28 U.S.C. §§ 1441 and 1446. Plaintiff expressly pled federal causes of action,
17 and defense counsel removed the case on that basis. ECF Nos. 1, 2. The fact that
18 Defendants had not been properly served as of the date of removal is irrelevant.
19 *See* 28 U.S.C. § 1448 (providing that Federal Rules of Civil Procedure govern
20 service of process when service "has not been perfected prior to removal"). In the

ORDER DENYING MOTION FOR RECONSIDERATION ~ 3

1  exercise of its discretion, the Court will deny Plaintiff's request for attorney's fees
2  and costs incurred as a result of the removal under § 1447(c) because Plaintiff's
3  pendent state law claims were not remanded for lack of subject matter jurisdiction.
4  *See* ECF No. 107 at 4 (adopting recommendation that Plaintiff's pendent state
5  claims be discretionarily remanded pursuant to 28 U.S.C. § 1367(c)(3)).

6        Contrary to Plaintiff's assertions, the dismissal of his federal claims did not
7  result in a "strike" under the PLRA.  The PLRA's "strike" provision only applies
8  to actions brought by a prisoner "in a court of the United States." 28 U.S.C. §
9  1915(g).  Because this case was originally filed in Walla Walla County Superior
10 Court, the dismissal of Plaintiff's claims does not result in a strike under § 1915(g).

11       Finally, the Court's certification pursuant to 28 U.S.C. § 1915(a)(3) that an
12 appeal would not be taken in good faith does not deprive Plaintiff of his right to
13 appeal.  This certification simply precludes Plaintiff from pursuing an appeal *in*
14 *forma pauperis*. 28 U.S.C. § 1915(a)(3).  Plaintiff's objection is overruled.

15 **IT IS HEREBY ORDERED:**

16     1. Plaintiff's Motion for Reconsideration (ECF No. 110) and Motion to
17        Vacate Judgment (ECF No. 111) are **DENIED**.
18     2. The Court certifies that any appeal of this Order would not be taken in
19        good faith and would lack any arguable basis in law or fact.
20

1  The District Court Executive is hereby directed to enter this Order, mail
2  copies to Plaintiff at his address of record, and provide copies to counsel.  The file
3  shall remain **CLOSED**.

    **DATED** October 11, 2013.



                      THOMAS O. RICE
              United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 5